# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW JERSEY
# NEWARK DIVISION

| | |
|---|---|
| Michael Alfaro,<br><br>Plaintiff,<br><br>v.<br><br>THE IBUN GROUP, LLC and Suleman I. Iddrissu, an individual,<br><br>Defendants. | CIVIL ACTION NO.: 2:22-CV-6231 |

## CIVIL ACTION COMPLAINT

COMES NOW Plaintiff Michael Alfaro ("Plaintiff") by and through his undersigned counsel, and files this Complaint against Defendants, The IBUN GROUP, LLC ("Defendant IBUN") and Suleman I. Iddrissu ("Defendant Iddrissu") (collectively, the "Defendants") and hereby avers as follows:

## PARTIES

1.

Plaintiff is an individual resident of New Jersey who is domiciled in the County of Essex.

2.

Defendant IBUN is a Delaware limited liability company. It may be served with process through its registered agent, Northwest Registered Agent Services, Inc. at 8 The Green, STE B, Dover, DE 19901.

3.

Defendant Iddrissu is an individual resident of Washington, DC. Upon information and belief, he may be served at his home address located at 100 I ST SE, Apt 1010, Washington, DC, 20003-4871.

## **VENUE AND JURISDICTION**

4.

Venue is proper before this Court as the Plaintiff resides in Essex County.

5.

This Court has personal jurisdiction over this matter as: (1) Defendant IBUN has significant contacts with the state of New Jersey to anticipate being hailed into Court in New Jersey, (2) a substantial part of the events giving rise to this claim occurred in New Jersey, and (3) Defendant IBUN contractually selected New Jersey law to govern its Loan Agreement (as defined herein) with Plaintiff.

6.

This Court has personal jurisdiction over this matter as Defendant Iddrissu availed himself of the jurisdiction of this forum by committing the intentional tort of fraud against Plaintiff. As a joint tortfeasor with Defendant IBUN, Defendant Iddrissu targeted Plaintiff in this forum, and Plaintiff has felt the brunt of the harm in this forum as a result of Defendants tortious activities.

7.

Federal diversity jurisdiction under 28 U.S.C. § 1332 exists because of diversity of citizenship between Plaintiff and Defendants, and the amount in controversy is in excess of $75,000.

8.

This Court has subject matter jurisdiction over this matter.

## FACTS

9.

Plaintiff and Defendant Iddrissu were classmates in the same college program until graduation in May 2010.

10.

During that time, Plaintiff and Defendant Iddrissu became friends and developed a relationship of trust and confidence.

11.

After college, Plaintiff and Defendant Iddrissu remained friends and had, prior to the facts giving rise to this lawsuit, maintained communication.

12.

On or about June 21, 2018, Defendant Iddrissu formed Defendant IBUN. Upon information and belief, Defendant Iddrissu is the Managing Member of Defendant IBUN.

13.

Upon information and belief, Defendant IBUN is in the business of converting incandescent lighting to LED lighting.

14.

On or about July 21, 2021, Defendant Iddrissu approached Plaintiff with a business opportunity.

15.

Defendant Iddrissu informed Plaintiff that he had obtained, through Defendant IBUN, contracts (the "Contracts") to convert incandescent lighting to LED lighting for Albertsons Supermarket ("Albertsons").

16.

However, to fulfill the Contracts, he needed $250,000.00 (the "Loan") in working capital.

17.

To induce Plaintiff to make the Loan, Defendants: (1) assured Plaintiff that the Contracts were already in place with Albertsons, (2) provided Plaintiff with a spreadsheet of outstanding invoices (the "Invoices") totaling $875,539.30 for nineteen (19) Albertsons' locations in Arizona, and (3) agreed to secure the Loan against the assets of both Defendant IBUN and Defendant Iddrissu. A true and correct copy of the Invoices is attached hereto as **Exhibit A.**

18.

Based on these representations, Plaintiff and Defendant IBUN entered into a Loan Agreement for Amortizing Working Capital Facility (the "Loan Agreement") on July 26, 2021, whereby Plaintiff wired Defendant IBUN $250,000.00 from TD Bank in New Jersey to Bank of America in Delaware. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit B.**

19.

Pursuant to the Loan Agreement, any outstanding balance was to be repaid by December 31, 2021, and any amount not paid by December 31, 2021, would accrue interest at a rate of thirty percent (30%) per year.

20.

In addition, the Loan was secured by the Invoices and the "…assets of the Ibun Group, LLC or Suleman I. Iddrissu…"

21.

On or about December 19, 2021, Plaintiff reminded Defendant Iddrissu of the upcoming Loan repayment date.

22.

A few days later, on or about December 23, 2021, Defendant IBUN made a partial payment of $50,000.00.

23.

In the months that followed, Defendant IBUN failed to remit payment for the outstanding balances due under the Loan Agreement, but through Defendant Iddrissu, continued to assure Plaintiff that payment would be made.

24.

Several demands for payment were made by the Plaintiff to the Defendant Iddrissu and went unanswered by the Defendant Iddrissu from January 2022 to March 2022. On or about March 3, 2022, the Defendant Iddrissu assured the Plaintiff of payment in full by April 7, 2022.

25.

Despite this guarantee for payment in full plus interest, Defendant IBUN only remitted a payment of $25,000.00 on April 8, 2022.

26.

Plaintiff sent requests and a formal demand to the Defendants seeking payment.

27.

As of the date of this filing, Defendants have ignored Plaintiff's Demand Letter and are indebted to Plaintiff in the amount of $251,614.31 (the "Outstanding Balance"), which amount continues to accrue interest at a rate of thirty (30%) per year.

28.

To make matters worse, Plaintiff, upon information and belief, is aware that Defendant Iddrissu is enticing similar "loans" from mutual friends and other individuals by making the same promises and representations that were previously made to induce Plaintiff to enter into the Loan Agreement.

## COUNT-I (AS TO DEFENDANT IBUN)
## BREACH OF CONTRACT

29.

Plaintiff incorporates by reference the statements and allegations contained in Paragraphs 1-28 as is set forth fully herein.

30.

The Loan Agreement between Plaintiff and Defendant IBUN constitutes a legal and enforceable contract under New Jersey law.

31.

Plaintiff performed under the Loan Agreement by providing the Loan to Defendant IBUN.

32.

Defendant IBUN breached its obligations under the Loan Agreement by failing to pay the Outstanding Balance.

33.

Plaintiff has demanded payment for the Outstanding Balance, but Defendant IBUN has refused to pay the Outstanding Balance.

34.

As a direct result of Defendant IBUN's breach, Plaintiff has suffered damages in an amount to be shown at trial, in no event less than $251,614.31, plus attorneys' fees and costs of collection pursuant to the Loan Agreement.

### COUNT-II (AS TO DEFENDANT IBUN)
### ACCOUNT STATED

35.

Plaintiff incorporates by reference the statements and allegations contained in Paragraphs 1-34 as is set forth herein.

36.

Defendant IBUN became indebted to Plaintiff because an account was stated in writing by and between Plaintiff and Defendant Ibun.

37.

Defendant IBUN has (1) made repeated promises to repay Plaintiff, (2) never contested the amount owed, and (3) made partial payments under the account.

38.

Plaintiff has sent written demand for payment in full under the account.

39.

Despite receiving Plaintiff Demand Letter, Defendant IBUN has refused to remit complete payment under the account.

40.

As a result of Defendant IBUN failure to remit payment, Defendant IBUN is indebted to Plaintiff in the amount of 200,000.00, plus interest at the rate of thirty percent (30%) from December 31, 2021, the date the sums mentioned above became due and owing.

## COUNT III (AS TO BOTH DEFENDANTS)
## **FRAUD**

41.

Plaintiff incorporates by reference the statements and allegations contained in Paragraphs 1-40 as is set forth fully herein.

42.

Defendant Iddrissu, in his capacity as an agent of his company, represented that Defendant IBUN had enough outstanding receivables (in the form of the Invoices) and existing assets to repay the Loan.

43.

At the time Defendants made the representations surrounding the Invoices, Defendants knew that they were false.

44.

Defendants' sole reason for providing the Invoices was to induce Plaintiff into entering the Loan Agreement and providing the Loan funds.

45.

Based on their previous relationship of trust and confidence with Defendant Iddrissu, Plaintiff relied on the Invoices provided by the Defendants, and entered into the Loan Agreement.

46.

As a direct result of Defendants' actions, Plaintiff has been harmed in an amount to be shown at trial, in no event less than $251,614.31.

## COUNT-IV (AS TO BOTH DEFENDANTS)
## UNJUST ENRICHMENT

47.

Plaintiff incorporates by reference the statements and allegations contained in Paragraphs 1-46 as is set forth fully herein.

48.

Plaintiff provided the Loan pursuant to the terms of the Loan Agreement.

49.

Defendant IBUN requested the Loan from Plaintiff and accepted the payment of the Loan.

50.

Plaintiff had the expectation that the Loan would be repaid, with interest for performing under the Loan Agreement.

51.

Defendant IBUN has failed to compensate Plaintiff for the fair and reasonable value of Plaintiff's Loan.

52.

Defendant IBUN receipt of the Loan without compensating Plaintiff the fair and reasonable value of the same would be unjust.

53.

As Defendant Iddrissu is the sole member of Defendant IBUN, he has directly benefited from the Loan and has unjustly enriched himself from the Loan payout.

54.

Equity demands that Plaintiff be entitled to a judgment in an amount equal to the fair and reasonable value of the Loan.

**WHEREFORE, Plaintiff** respectfully prays for the following relief:

1. As to Count I, judgment against Defendant IBUN in an amount to be determined at trial, but in no event in an amount less than $251,614.31, plus contractual interest at a rate of thirty percent (30%) per year;

2. As to Count I, attorneys' fees against Defendant IBUN in the amount to be shown at trial;

3. As to Count II, judgment against Defendant IBUN in an amount to be determined at trial, plus interest from December 31, 2021.

4. As to Count III, judgment against both Defendants in an amount to be determined at trial, but in no event in an amount less than $251,614.31, plus interest and punitive damages;

5. As to Count IV, judgment against both Defendants in an amount to be determined at trial, but in no event in an amount less than $251,614.31, plus interest;

6. For such other and further relief as this Court deems just and proper.

**HALL BOOTH SMITH, P.C.**

*/s/Jacqueline Voronov*
Jacqueline Voronov, Esq.
New Jersey Bar No.: 024262006

15 East Midland Avenue
Suite 3A
Paramus, NJ 07652
(201) 614-6350
jvoronov@hallboothsmith.com

# EXHIBIT A

**The Ibun Group, LLC**
**Albertsons Arizona 19 Store List**

**Estimated Completion Date: December 13th, 2021**

| Store Name | Store # | Street Address | City | State | ZIP | SQFT | Total Receivable |
|---|---|---|---|---|---|---|---|
| Safeway | 0023 | 861 E Warner Road | Gilbert | AZ | 92142 | 62,106 | $44,474.20 |
| Safeway | 0245 | 1044 Willow Creek Rd | Prescott | AZ | 92143 | 51,280 | $47,456.00 |
| Safeway | 1201 | 4005 East Chandler Blvd. | Phoenix | AZ | 92129 | 60,733 | $45,313.10 |
| Albertsons | 1221 | 2935 E. Riggs Road | Chandler | AZ | 92145 | 62,164 | $45,314.80 |
| Safeway | 1535 | 1515 E. Elliot Rd | Tempe | AZ | 92146 | 55,703 | $52,932.10 |
| Safeway | 1605 | 1060 E Ray Rd | Chandler | AZ | 92130 | 55,444 | $51,820.80 |
| Safeway | 1654 | 4811 North 83rd Ave. | Phoenix | AZ | 92131 | 54,968 | $51,747.60 |
| Safeway | 1662 | 10641 W. Olive Ave | Peoria | AZ | 92132 | 55,352 | $52,046.40 |
| Safeway | 1717 | 1902 West Main St | Mesa | AZ | 92133 | 55,457 | $53,029.90 |
| Safeway | 1849 | 32551 N. Scottsdale Rd | Scottsdale | AZ | 92134 | 67,428 | $56,439.60 |
| Safeway | 1989 | 9460 East Golf Links | Tucson | AZ | 92147 | 42,059 | $43,111.30 |
| Safeway | 2054 | 13503 Camino Del Sol | Sun City West | AZ | 92148 | 48,395 | $43,026.50 |
| Safeway | 2709 | 5035 W. Baseline Rd | Phoenix | AZ | 92149 | 55,259 | $53,821.30 |
| Safeway | 2821 | 3800 W Happy Valley Rd Ste107 | Glendale | AZ | 92137 | 58,805 | $59,593.50 |
| Albertsons | 2985 | 18411 N Cave Creek Rd | Phoenix | AZ | 92150 | 56,661 | $41,542.70 |
| Safeway | 3187 | 240 South Hill St | Globe | AZ | 92151 | 19,591 | $15,992.80 |
| Albertsons | 3926 | 12970 W. Indian School Rd. | Litchfield Park | AZ | 92140 | 59,589 | $37,393.40 |
| Safeway | 0413 | 550 East Bell Rd | Phoenix | AZ | 92144 | 53,426 | $37,398.20 |
| Safeway | 1225 | 1500 East Cedar Ave | Flagstaff | AZ | 92127 | 47,193 | $43,085.10 |
| | | | | | | Total | $875,539.30 |

# EXHIBIT B

**Loan Agreement for Amortizing Working Capital Facility ("Agreement")**

**Description**: Michael Alfaro ("Facility Investor" / "Lender") will provide The Ibun Group, LLC a working capital loan facility that amortizes as accounts receivables backed by work done and paid for by Albertsons, a publicly traded grocer, are received. The Ibun Group's energy subsidiary primarily does LED retrofit installs for large grocers, retailers, banking centers and warehouse facilities across the United States.

**Facility Loan Amount**: USD $250,000

For value received, the undersigned The Ibun Group, LLC (the "Borrower"), at 8 The Green, Ste B, Dover, Delaware 19901, promises to pay to the order of Michael Alfaro at 22 North End Terrace, Bloomfield, New Jersey 07003 (or at such other place as the Lender may designate in writing), the sum of $250,000 with facility interest (defined below) from the Agreement start date of July 30, 2021.

**Facility Fee Interest:** USD $25,000 if the Agreement is paid in full by December 31, 2021. The facility fee drops to USD $15,000 if the Agreement is paid in full by October 31st, 2021.

For the sake of clarity, the minimum payment on this Loan Agreement will be USD $15,000 Facility Fee Interest and Principal of USD $250,000. If on or after September 30, 2021, the Accordion Feature (as defined below) is exercised then the minimum payment on this Loan Agreement will be USD $20,000 of Facility Fee Interest and Principal of USD $250,000

**Amortizing Feature**: As jobs are complete the facility loan will be amortized down with proceeds from accounts receivables shown in **Exhibit A** in addition to other receivables paid to The Ibun Group, LLC.

**Accordion Feature:** If the Agreement is amortized down to $125,000 by September 30, 2021, The Ibun Group will have the option to draw an additional $75,000 for a $5,000 facility fee interest to be paid down no later than December 31, 2021. In addition, on September 30, 2021, The Ibun Group will also enter into discussion with the Lender regarding an upsizing of this Agreement at the Lender's option.

**I. TERMS OF REPAYMENT**

**A. Payments**

The unpaid principal and accrued interest shall be payable in full on December 31, 2021 (the "Due Date"). Unpaid principal after the Due Date shall accrue interest at a rate of 30% annually until paid.

**B. Application of Payments**

All payments on this Agreement shall be applied first in payment of accrued interest and any remainder in payment of principal.

**C. Acceleration of Debt**

If any payment obligation under this Agreement is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. SECURITY

This Agreement is secured by Invoices for work done on Albertsons' store locations. Once invoices are submitted for stores that are complete in Exhibit A, those will be assigned to the Lender and will serve for paydown purposes. This Agreement will also be secured by assets of The Ibun Group, LLC or Suleman I. Iddrissu, such that the liquid market value of those assets, as determined by a Third Party, are equal to any outstanding indebtedness owed to the Lender. The Lender is not required to rely on the above security instrument and the assets secured therein for the payment of this Agreement in the case of default, but may proceed directly against the Borrower.

## III. PREPAYMENT

The Borrower reserves the right to prepay this Agreement (in whole or in part) prior to the Due Date with no prepayment penalty subject to satisfaction of the minimum payment and principal.

## IV. COLLECTION COSTS

If any payment obligation under this Agreement is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## V. DEFAULT

If any of the following events of default occur, this Agreement and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the principal and any accrued interest when due;

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any assets pledged as security for the payment of this Agreement, or if there is a default in any security agreement which secures this Agreement.

## VI. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Agreement are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VII. MISCELLANEOUS

All payments of principal and interest on this Agreement shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Agreement.

No delay in enforcing any right of the Lender under this Agreement, or assignment by Lender of this Agreement, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Agreement without notice being given to Borrower. All rights of the Lender under this Agreement are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This Agreement may not be amended without the written approval of the Lender.

## VIII. GOVERNING LAW

This Agreement shall be construed in accordance with the laws of the State of New Jersey.

## IX. SIGNATURES

This Agreement shall be signed by Suleman I. Iddrissu, on behalf of The Ibun Group, LLC and Michael Alfaro.

[SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this ___26___ day of ___July___, 2021, at ___NA___, ___NA___.

Borrower:
The Ibun Group, LLC

By: _____   Date: 7/26/2021
Suleman I. Iddrissu


Lender:
Michael Alfaro

By: _____   Date: 7/26/2021
Michael Alfaro

ASSIGNMENT

[ONLY COMPLETE THE FOLLOWING INFORMATION TO ASSIGN PAYMENTS TO A NEW PARTY.]

For value received, the above Agreement is assigned and transferred to

_____, ("Assignee") of


_____,_____,
(City)(State/province)


_____.
(Country)

Dated: _____


By:_____
      Michael Alfaro

## EXHIBIT A

**The Ibun Group, LLC**
**Albertsons Arizona 19 Store List**

**Estimated Completion Date: December 13th, 2021**

| Store Name | Store # | Street Address | City | State | ZIP | SQFT | Total Receivable |
|---|---|---|---|---|---|---|---|
| Safeway | 0023 | 861 E Warner Road | Gilbert | AZ | 92142 | 62,106 | $44,474.20 |
| Safeway | 0245 | 1044 Willow Creek Rd | Prescott | AZ | 92143 | 51,280 | $47,456.00 |
| Safeway | 1201 | 4005 East Chandler Blvd. | Phoenix | AZ | 92129 | 60,733 | $45,313.10 |
| Albertsons | 1221 | 2935 E. Riggs Road | Chandler | AZ | 92145 | 62,164 | $45,314.80 |
| Safeway | 1535 | 1515 E. Elliot Rd | Tempe | AZ | 92146 | 55,703 | $52,932.10 |
| Safeway | 1605 | 1060 E Ray Rd | Chandler | AZ | 92130 | 55,444 | $51,820.80 |
| Safeway | 1654 | 4811 North 83rd Ave. | Phoenix | AZ | 92131 | 54,968 | $51,747.60 |
| Safeway | 1662 | 10641 W. Olive Ave | Peoria | AZ | 92132 | 55,352 | $52,046.40 |
| Safeway | 1717 | 1902 West Main St | Mesa | AZ | 92133 | 55,457 | $53,029.90 |
| Safeway | 1849 | 32551 N. Scottsdale Rd | Scottsdale | AZ | 92134 | 67,428 | $56,439.60 |
| Safeway | 1989 | 9460 East Golf Links | Tucson | AZ | 92147 | 42,059 | $43,111.30 |
| Safeway | 2054 | 13503 Camino Del Sol | Sun City West | AZ | 92148 | 48,395 | $43,026.50 |
| Safeway | 2709 | 5035 W. Baseline Rd | Phoenix | AZ | 92149 | 55,259 | $53,821.30 |
| Safeway | 2821 | 3800 W Happy Valley Rd Ste107 | Glendale | AZ | 92137 | 58,805 | $59,593.50 |
| Albertsons | 2985 | 18411 N Cave Creek Rd | Phoenix | AZ | 92150 | 56,661 | $41,542.70 |
| Safeway | 3187 | 240 South Hill St | Globe | AZ | 92151 | 19,591 | $15,992.80 |
| Albertsons | 3926 | 12970 W. Indian School Rd. | Litchfield Park | AZ | 92140 | 59,589 | $37,393.40 |
| Safeway | 0413 | 550 East Bell Rd | Phoenix | AZ | 92144 | 53,426 | $37,398.20 |
| Safeway | 1225 | 1500 East Cedar Ave | Flagstaff | AZ | 92127 | 47,193 | $43,085.10 |
| | | | | | | Total | $875,539.30 |